In re Marion Donas LASSITER and Linda Carol Lassiter, Debtors.

STATE BANK OF CAMPBELL, Plaintiff,

v.

Marion Donas LASSITER, Linda Carol Lassiter, and Tom K. O'Loughlin, II, Defendants.

Bankruptcy No. 83–00154(SE).

Adv. Nos. 83–0115(SE), 83–0116(SE).

United States Bankruptcy Court, E.D. Missouri, Southeastern Division.

Oct. 2, 1984.

James C. Bullard, Kennett, Mo., for plaintiff.

J. Patrick O'Loughlin, Cape Girardeau, Mo., for trustee.

Rice P. Burns, Jr., Sikeston, Mo., for debtors.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

Plaintiff has filed its complaint asking this Court to determine the validity, extent, and priority of certain judicial liens which it claims it has on real property owned by Defendants, Marion Donas Lassiter and Linda Carol Lassiter (Lassiters). These liens arise by virtue of two judgments entered by the Dunklin County, Missouri, Circuit Court on March 10, 1983, in favor of Plaintiff, one against Defendant, Marion Donas Lassiter, and the other against both said defendants. The former judgment is for $49,707.86 plus interest and costs and the latter judgment is for $164,774.87 plus interest and costs.

The background facts are these:

1. At various times, beginning on October 30, 1978, and ending on March 26, 1981, the Defendant, Marion Lassiter, on some occasions alone, and at other times, both Lassiter Defendants, borrowed sums of money from Plaintiff. As security for these advances, Defendants gave Plaintiff a security interest in a farm combine, a grain wagon, a two-ton truck, and also a security interest in their 1980 crops. A precise recapitulation of the various borrowings, and executions of security documents is unnecessary to the resolution of these proceedings and, therefore, will not be undertaken.

2. At some time before June 29, 1982, Defendants Lassiters defaulted on the terms of repayment of their indebtedness and Plaintiff obtained and liquidated the aforesaid collateral. After that, deficiencies remained owing by the said Defendants.

3. On June 29, 1982, Plaintiff instituted suit against the Lassiters and, on March 10, 1983, obtained a judgment against Defendant, Marion Lassiter for $49,707.86 and against both Defendants Lassiters for $164,774.87.

4. Defendant, Marion Lassiter, was named in Article IV of the Last Will and Testament of his aunt, Jennie Lincoln, as her residuary legatee. Jennie Lincoln died on March 11, 1982. Her will was duly admitted to probate and, on April 21, 1983, the Probate Division of Circuit Court of Dunklin County, Missouri, approved the final settlement of her estate and entered its finding and order of distribution. Under this order, the probate court found Defendant, Marion Lassiter, as the residuary legatee, to be vested with title to a 120 acre farm located in Dunklin County, Missouri, previously belonging to the decedent. The probate inventory and appraisement valued this property at $184,300.00.

5. On May 2, 1983, Defendants filed a petition for relief under Chapter 7 of the Bankruptcy Code.

6. On May 5, 1983, the Sheriff of Dunklin County, Missouri, pursuant to a writ of execution, recorded in the office of the Recorder of Deeds for Dunklin County, Missouri, two notices of his levy on the 120 acre farm.

## CONCLUSIONS

Plaintiff seeks relief from the automatic stays under 11 U.S.C. 362(a), asserting that the amount of their judgment liens exceed the value of the 120 acre farm in question. Whether or not this is correct, the Court need not decide. As the Trustee contends, the imposition of these liens which automatically occurred on March 10, 1983, by virtue of state law, section 511.350, R.S. Mo., were preferential transfers under 11 U.S.C. 547(b) and, as such, are avoidable by the Trustee.

The imposition of these judgment liens occurred on March 10, 1983, less than ninety (90) days before Defendants filed their

petition for relief on May 2, 1983, and were an involuntary transfer of property to Plaintiff. This transfer was made on account of an antecedent, and otherwise unsecured debt owed Plaintiff and was clearly for its benefit.

A review of Defendants Lassiters' assets and liabilities shows that the 120 acre farm is their principal asset and that said defendants have a large number of other unsecured creditors with, in the aggregate, significantly large potential claims against these Defendants. Accordingly, Plaintiff received more by this involuntary transfer than it would receive without this transfer from a distribution under Chapter 7 of the Bankruptcy Code. Finally, under section 547(b)(4) of the Code, Defendants Lassiters are presumed insolvent during the ninety (90) days immediately preceding their filing for relief under Chapter 7. No evidence was offered to nor does the record otherwise rebut this presumption.

None of the exceptions under section 547(c) of the Code are applicable and, therefore, the liens created by the entry of the judgment on March 10, 1983, are avoidable preferential transfers.

Any liens which might otherwise be created under state law by the recording of the notices of levy by the Dunklin County Sheriff are void as being in violation of the automatic stays under 11 U.S.C. 362(a) and are also avoidable under 11 U.S.C. 549(a).

Defendants Lassiters' counterclaim to avoid judicial lien is mooted by the foregoing conclusion. Said defendants, pursuant to section 522(h) of the Code will be allowed to assert whatever exemptions they may to the 120 acre farm.

A separate order consistent with this opinion will be entered this date.